UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNIMARS SHIPPING COMPANY LTD.,

                    Plaintiff,

-v-

PACANA GROUP CORP.,

                    Defendant.
------------------------------------------------------------------x

08 CV

VERIFIED COMPLAINT

      Plaintiff, UNIMARS SHIPPING COMPANY LTD. (hereinafter "UNIMARS"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, PACANA GROUP CORP., (hereinafter "PACANA"), alleges upon information and belief as follows:

## JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.     At all times material hereto, Plaintiff, UNIMARS, was and still is a foreign business entity duly organized and existing pursuant to the laws of Latvia, with an office and principle place of business at 17 Duntes Str., Riga, LV-1005, Latvia.

      3.     At all times material hereto, Defendant, PACANA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Panama, with an office and principle place of business at Sucre, Arias & Reyes, 48th Street, Bella Vista,

Sucre Building, P.O. Box 0816.01832 zone 5, Panama, Republic of Panama and Avenue Adm. Lunin 15, Mariupol, Ukraine.

## FACTS AND CLAIM

4. On or about December 4, 2006, UNIMARS, as owners of the M/V SKIF, and PACANA, as charterer, entered into a time charter party for the vessel at a rate of US$4,300 per day for a period of twelve (12) months.

5. The time charter party, memorialized on a New York Produce Exchange (NYPE) form, is a maritime contract.

6. During the performance of this time charter party, UNIMARS experienced repeated problems with receiving hire from PACANA, despite PACANA's obligations to pay same.

7. PACANA requested UNIMARS to postpone PACANA's obligation to pay the hire on several occasions and eventually requested a reduction in the daily hire rate.

8. On or about April 16, 2007, UNIMARS, in an effort to accommodate PACANA, agreed to reduce the daily hire rate.

9. Despite such accommodation by UNIMARS to PACANA, and PACANA's promises to pay freight in a timely manner, PACANA, in breach of the terms of the December 4, 2006, time charter agreement, continued to systematically fail to pay hire for the vessel on time and/or at all.

10. As a result, UNIMARS was forced to withdraw the vessel, M/V SKIF, from PACANA, on or about August 14, 2007, after providing PACANA with notice of UNIMARS's intention to do so and an opportunity for PACANA to remit the outstanding

hire payments, all in accordance with the terms of the December 4, 2006, time charter agreement between the parties.

11. Despite UNIMARS's demand to PACANA for payment of the outstanding hire for the M/V SKIF, PACANA has, neglected and/or otherwise refused to pay UNIMARS the sum now due and owing.

12. PACANA owes UNIMARS US$135,997.32 for the outstanding hire payments, which UNIMARS has demanded from PACANA on numerous occasions, yet has not been paid by PACANA to UNIMARS. UNIMARS has provided PACANA with freight invoices in support of its claim pursuant to the December 4, 2006, time charter agreement.

13. Pursuant to the terms of the time charter party, all disputes arising there under are to be submitted to London arbitration with English law to apply. London arbitration provides that the prevailing party is entitled to interest costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$50,000.

14. Therefore, UNIMARS's total claim against PACANA is US$185,997.32.

BASIS FOR ATTACHMENT

15. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

16. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant, PACANA, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $185,997.32, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       May 14, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
UNIMARS SHIPPING COMPANY LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNIMARS SHIPPING COMPANY LTD.,

                              Plaintiff,        08 CV

-v-

                                                       **VERIFICATION OF**
                                                       **COMPLAINT**

PACANA GROUP CORP.,

                              Defendant.
-----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, UNIMARS SHIPPING COMPANY LTD., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       May 14, 2008

                                CHALOS, O'CONNOR & DUFFY, L.L.P.
                                Attorneys for Plaintiff
                                UNIMARS SHIPPING COMPANY LTD.

By: _____
                                George M. Chalos (GC-8693)
                                366 Main Street
                                Port Washington, New York 11050
                                Tel: (516) 767-3600
                                Fax: (516) 767-3605
                                Email: gmc@codus-law.com